# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

GERALDINE A. TRICE,

                Plaintiff,

    v.

JP MORGAN CHASE BANK, et al.,

                Defendants.

Case No. 2:15-cv-01614-APG-NJK

**ORDER GRANTING MOTIONS TO DISMISS**

(Dkt. ##13, 15)

Plaintiff Geraldine Trice has filed and not prevailed in two prior state court lawsuits relating to the same loan and property. This lawsuit repeats many of the same allegations and issues, but adds some new defendants, including the lawyers who represented some of the defendants in those prior lawsuits. Because most of Trice's claims and allegations were resolved by the state court, she cannot re-assert them here. The remaining allegations fail to state claims upon which relief can be granted. Therefore, I grant the pending motions to dismiss.

The parties are familiar with the underlying facts and tortured procedural history of this legal saga. I will not repeat them here except as necessary to explain my decision.

It appears that the initial dispute arose when Trice disagreed with her lender adding an escrow impound account to her loan as a result of delinquent tax payments. She also disputed how her loan account was transferred from the original lender to the current holder and servicer of the loan (defendants Chase and CRC). Trice also disagreed with how the lender disbursed the proceeds from a homeowner's insurance claim. The parties unsuccessfully participated in the State of Nevada's Foreclosure Mediation Program.

Trice filed her first lawsuit in state court challenging the mediation proceedings and alleging, among other things, both that Chase was not the proper beneficiary of the note and deed of trust and that Chase did not engage in good faith mediation. Nevada District Judge Delaney ultimately ruled against Trice and the Supreme Court of Nevada affirmed.

Trice filed a second lawsuit in state court, again challenging Chase's authority to enforce the subject loan. Nevada District Judge Escobar eventually ruled against Trice, and the Supreme Court of Nevada affirmed that decision. Trice's present lawsuit presents many of the issues previously litigated in state court. In addition, she adds claims against Kent Larsen, Katie Weber, and the law firm Smith Larsen & Wixom ("SLW"), who represented the defendants in the second lawsuit.

**Claims against the lawyer defendants**

Trice asserts a RICO claim against defendants Larsen, Weber, and SLW based solely on their "participation" in the second lawsuit as the bank's lawyers. (Dkt. #1 at 6:17-21, and 14:15-28.) Trice fails to explain how this constitutes acts forming a pattern of racketeering. Nor could she. The lawyers were representing their client in litigation filed by Trice; that can hardly be considered racketeering activity. Trice seems to base her claims on communications the lawyers had with her and the court in connection with that lawsuit. Trice is simply retaliating against the lawyers for representing their client, in violation of Nevada's anti-SLAPP statute. Nev. Rev. Stat. § 41.635 *et seq*. The lawyers are immune from civil liability for claims based upon their communications in connection with that lawsuit. *Id*. at §§ 41.637(3), 41.650. Even if the lawyer defendants are not immune from civil liability, the claim against them fails for the same reasons set forth below that this claim against the other defendants fails. Therefore, Trice's claim against defendants Larsen, Weber, and SLW must be dismissed with prejudice.

**Claims against the bank defendants**

Trice's first claim for relief against the other moving defendants (JPMorgan Chase Bank, Chase Home Finance LLC, and California Reconveyance Company) asserts fraudulent misrepresentation. (Dkt. #1 at 7-9.) Trice fails to identify any statements that were false. She bases a portion of this claim on allegations related to the letter attached as Exhibit 3 to her complaint. She also contends that the loan servicer (CRC) sent her a Notice of Default that misrepresented facts. Trice raised these same allegations in her second state court lawsuit and Judge Escobar ruled

1   against her.[1]  That ruling was upheld on appeal.  Thus, that claim is barred by the doctrine of issue

2   preclusion. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) ("'Issue preclusion . . .

3   bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court

4   determination essential to the prior judgment, even if the issue recurs in the context of a different

5   claim.'") (citation omitted); *see also LaForge v. State, Univ. and Comm. Coll. Syst. of Nev.*, 116

6   Nev. 415, 997 P.2d 130, 134 (2000) ("Issue preclusion may apply 'even though the causes of action

7   are substantially different, if the same fact issue is presented.'") (citation omitted).

8        Trice's second claim for relief asserts civil rights violations under 42 U.S.C. §§ 1983, 1985,

9   and 1986. (Dkt. #1 at 10-11.)    In order to maintain those claims, Trice must prove that the

10   defendants were "acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th. Cir.

11   2015).  "An individual acts under color of state law when he or she exercises power 'possessed by

12   virtue of state law and made possible only because the wrongdoer is clothed with the authority of

13   state law.'" *Id.* at 1036 (citations omitted).  Trice has offered no basis to find that the moving

14   defendants acted under color of state law.  Therefore, this claim fails as a matter of law.

15        Finally, Trice asserts a RICO claim. (Dkt. #1 at 11-17.)  But the allegations she offers in

16   support of this claim were previously rejected by the Nevada state courts. (Dkt. #15 at 14-15 and

17   exhibits cited therein.)  Trice cannot relitigate here the claims and allegations that were rejected by

18   the Nevada courts. *White*, 671 F.3d at 926; *LaForge*, 997 P.2d at 134.

19        **IT IS THEREFORE ORDERED** that the defendants' motions to dismiss **(Dkt. ##13, 15)**

20   **are GRANTED.**  All claims asserted against defendants Kent Larsen, Katie Weber, the law firm

21   Smith Larsen & Wixom, JP Morgan Chase Bank, N.A., Chase Home Finance LLC, and California

22   / / / /

23   / / / /

24   / / / /

25   / / / /

26

27   [1] Similarly, Judge Delaney, in the first lawsuit, rejected Trice's argument, asserted again here,
     that the Notice of Default contained misrepresentations about the purported breach giving rise to
28   the escrow impound account.

Reconveyance Company are hereby **DISMISSED**. There is no just reason to delay entry of judgment in favor of those defendants.  Therefore, the clerk is directed to enter judgment in their favor.

Dated: November 18, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE